EUGENE JACKSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jackson v. Commissioner
Docket No. 10961-91
United States Tax Court
T.C. Memo 1992-245; 1992 Tax Ct. Memo LEXIS 263; 63 T.C.M. (CCH) 2873; April 27, 1992, Filed *263 An appropriate Order will be issued and decision will be entered for respondent. Stephen M. Friedberg, for respondent. WELLS
WELLS
MEMORANDUM OPINION WELLS, Judge: This case is before the Court on respondent's motion to hold petitioner in default and enter a decision against him pursuant to Rule 123(a). All Rule references are to the Tax Court Rules of Practice and Procedure and, unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue. Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions To Tax
Year
Deficiency
Sec. 6653(b)(1)(A)
Sec. 6653(b)(1)(B)
Sec. 6661
1987
$ 6,313
$ 4,714
[1]
$ 1,571
Year
Deficiency
Addition to Tax Under Sec. 6653(a)(1)
1988
$ 4,841
$ 242
Additions to Tax
Year
Deficiency
Sec. 6651(f)
Sec. 6654(a)
1989
$ 2,646
$ 1,985
$ 180
When the petition in the instant *264 case was filed, petitioner resided in Petersburg, Virginia. Although respondent's notice of deficiency set forth deficiencies and additions to tax for taxable years 1987, 1988, and 1989, the petition only alleged error in respondent's determinations for taxable years 1987 and 1988. Consequently, the Court lacks jurisdiction over the deficiency and additions to tax determined by respondent for taxable year 1989. Sec. 6213(a); Rules 13(c), 41(a); . Respondent timely filed her answer denying petitioner's allegations of error with respect to the deficiencies in and additions to petitioner's Federal income taxes determined by respondent for taxable years 1987 and 1988. The Answer also set forth specific allegations of fraud in support of respondent's determination of the fraud addition for taxable year 1987. On September 10, 1991, the instant case was placed on the calendar for the Court's February 10, 1992, Trial Session in Richmond, Virginia. At the call of the calendar, petitioner did not appear. Respondent then filed the instant motion for the entry of a default decision against petitioner with respect to *265 the deficiencies and additions to tax for taxable years 1987 and 1988. With respect to the deficiencies for both taxable years in issue and the additions to tax for substantial understatement for taxable year 1987 and negligence for taxable year 1988, petitioner has the burden of proof. Consequently, respondent must prevail on such deficiencies and additions to tax on the ground that either petitioner has defaulted or he has failed to carry his burden of proof. , affd. . With respect to the fraud additions for taxable year 1987, entry of a default decision where a taxpayer has failed to appear and proceed with his case "is appropriate upon a determination in our 'sound judicial discretion' that the pleadings set forth sufficient facts" to support a finding that the taxpayer fraudulently underpaid his taxes. . We have reviewed the specific allegations of petitioner's fraudulent underpayment of taxes, pled in detail by respondent in her Answer, and we are convinced that the allegations support such a *266 finding. Consequently, respondent must prevail with respect to the fraud additions. Accordingly, respondent's motion will be granted. To reflect the foregoing, An appropriate order will be issued and decision will be entered for respondent.
Footnotes
1. 50 percent of the interest due on $ 6,285.↩